UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICROSOFT CORPORATION, a Washington
corporation,

                        Plaintiff,                        **MEMORANDUM and ORDER GRANTING DEFAULT JUDGMENT**

     — against —

ATEK 3000 COMPUTER INC., a New York         06 CV 6403 (SLT)(SMG)
corporation d/b/a ATEK 3000, and JOHN
DOE, an individual,

                        Defendants.
----------------------------------------------------------X

**TOWNES, United States District Judge:**

     On December 4, 2006, plaintiff Microsoft Corporation commenced this action against defendant Atek 3000 Computer, Inc. pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for infringement, false designation of origin, false description, and false representation, the Copyright Act, 17 U.S.C. § 501, *et seq.*, for infringement, and New York common law for unfair competition.[1] In substance, plaintiff alleges that defendant distributed copies of Microsoft software that infringed its copyrights and trademarks despite receiving from plaintiffs a cease and desist letter. Plaintiff seeks the imposition of a constructive trust and an accounting as well as injunctive relief, damages, and reasonable attorneys' fees and costs.

     On January 26, 2007, plaintiff filed an affidavit of service indicating that it had served the summons and complaint on defendant by personal delivery to its managing agent on December 4, 2007. Upon plaintiff's motion, on June 18, 2007, the Clerk of Court properly noted

---

[1] Plaintiff also commenced this action against a John Doe, who has yet to be identified by plaintiff. Accordingly, the Court exercises its discretion to dismiss John Doe from this action without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure, which permits this Court to drop parties on its own initiative "at any time, on just terms." *See Atlantic Used Auto Parts v. City of Philadelphia*, 957 F. Supp. 622, 625 (E.D.Pa. 1997); *see also Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 536 n. 3 (S.D.N.Y. 2005).

defendant's default in the action. Thereafter, on October 30, 2007, plaintiff moved for a default judgment, seeking an award of statutory damages, attorneys' fees, costs, and a permanent injunction. For the reasons set forth below, plaintiff's motion for a default judgment is granted, and it is awarded statutory damages and a permanent injunction. Plaintiff's motion for attorneys' fees and costs is denied without prejudice to refiling with a proper showing that the fees and costs actually incurred are reasonable.

A. *The Consequences of Defendant's Default*

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *see also Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998). Accordingly, by defaulting in this case, defendant has conceded the complaint's well-pleaded allegations regarding plaintiff's claims under the Copyright Act, the Lanham Act, and New York common law.

The Copyright Act "gives the copyright owner the exclusive right to reproduce a copyrighted work and to distribute copies of the work . . . [and] 'to establish infringement, two elements must be proven (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)); *see also Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005) ("copyright infringement under federal law requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon

2

the copyright holder.") (internal quotation marks and citation omitted). Here, plaintiff sufficiently alleges that defendant committed copyright infringement. First, plaintiff alleges that it is the "sole owner of Windows XP Pro and the corresponding Certificates of Registration," and attaches a copy of the federal registration certificate for the subject copyright, TX 5-407-055 ("Windows XP Professional"). Compl. ¶ 19, Exh. 1. Thus, given defendant's default, plaintiff has sufficiently established its valid ownership of the copyright. *See McGee*, 490 F. Supp. 2d at 878; *see also Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 154 (2d Cir. 2007) ("We recognize that the registration is not *prima facie* evidence of ownership because it was made more than five years after the first publication. Nevertheless, it may carry some evidentiary weight.") (citing 17 U.S.C. § 410(c)). Second, plaintiff alleges that defendant infringed this copyrighted software "by distributing infringing materials in the United States without approval or authorization from Microsoft." Compl. ¶ 20. Thus, plaintiff has established that defendant committed copyright infringement.

Plaintiff asserts two claims under the Lanham Act. With respect to plaintiff's first claim, for trademark infringement, the Act prohibits the unauthorized "reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion." *New York Stock Exchange, Inc. v. New York, New York Hotel LLC*, 293 F.3d 550, 554 (2d Cir. 2002) (quoting 15 U.S.C. § 1114(1)(a)). Plaintiff's second claim, for false designation of origin, false description, and false representation is brought under Section 43(a) of the Act, which prohibits the use of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or

false or misleading representation of fact, which is likely to cause confusion . . . ." *Arrow Fastener Co., Inc., v. Stanley Works,* 59 F.3d 384, 390 n. 4 (2d Cir. 1995) (quoting 15 U.S.C. § 1125(a)(1)); *see also McGee*, 490 F. Supp. 2d at 879. Thus, to state a claim under either one of its claims under the Lanham Act, plaintiff "need only show that they own a valid trademark and that the defendants' use of the trademark is likely to cause confusion regarding the source of the product." *Chanel, Inc. v. Xiao Feng Ye*, No. CV-06-3372, 2007 WL 2693850, at *2 (E.D.N.Y. Sept. 12, 2007) (quoting *Tanning Research Laboratories, Inc. v. Worldwide Import & Export Corp.,* 803 F.Supp. 606, 608-09 (E.D.N.Y. 1992)); *see also Tiffany (NJ) Inc. v. eBay, Inc.*, No. 04 Civ. 4607, 2008 WL 2755787, at *48 (S.D.N.Y. July 14, 2008) ("[Plaintiff's] Section 43(a) claims are governed by the same legal analysis as its federal infringement claims").

Here, plaintiff sufficiently alleges that defendant committed trademark infringement. First, plaintiff alleges that it has duly and properly registered the subject trademarks and service marks, and attaches copies of the federal registrations for the subject marks: 1,200,236 ("MICROSOFT"); 1,256,083 ("MICROSOFT"); 1,872,264 ("WINDOWS"); and 2,744,843 ("COLORED FLAG DESIGN"). Compl. ¶ 9, Exhs. 2-5. Thus, given defendant's default, plaintiff has sufficiently established its valid ownership of the subject trademarks and service marks.[2] Second, plaintiff alleges that the infringing materials defendant has and continues "to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their sources, origin, or authenticity." Compl. ¶ 30. In addition, plaintiff alleges that defendant's conduct included the use of "displays, logos, icons, graphic designs, and/or

---

[2] The Court has taken judicial notice of the fact that the subject trademarks and service marks remain valid and registered with the United States Patent & Trademark Office. *See Island Software*, 413 F.3d at 260 (citing *Duluth News-Tribune v. Mesabi Publ'g Co.,* 84 F.3d 1093, 1096 n. 2 (8th Cir. 1996)); *Omega S.A. v. Omega Engineering, Inc.*, 228 F. Supp. 2d 112, 120 (D. Conn. 2002).

packaging virtually indistinguishable from Microsoft['s ] visual designs, in connection with its goods and services." Compl. ¶ 42. Plaintiff further alleges that defendant's acts were done with the purpose of misleading, deceiving, or confusing the public. Compl. ¶¶ 32, 43. Thus, plaintiff has established that defendant committed trademark infringement with respect to the aforementioned trademarks and service marks. In addition, plaintiff has established that defendant's acts constitute false designation of origin, false description, and false representation in violation of the Lanham Act.

Plaintiff also alleges that defendant's copyright and trademark infringement was committed willfully because it continued its actions despite being apprised of plaintiff's registered copyrights and its infringing conduct. Compl. ¶¶ 12-15, 22-23. These allegations, when deemed admitted, are sufficient to find that defendant's conduct was willful. *See McGee*, 490 F. Supp. 2d at 880. In addition, defendant's default in this action "support the finding of willfulness." *Peer Intern. Corp. v. Max Music & Entertainment, Inc.*, No. 03 Civ. 996, 2004 WL 1542253, at *3 (S.D.N.Y. July 9, 2004) (Report and Recommendation of Freeman, M.J.); *see also McGee*, 490 F. Supp. 2d at 880. Therefore, plaintiff has established that defendant's violations of the Copyright and Lanham Acts were willful.

"The essence of the tort of unfair competition under New York common law is the bad-faith misappropriation, for the commercial advantage of one person, a benefit or property right belonging to another [person]." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (internal quotation marks and citation omitted) (alteration in original). As a result of plaintiff establishing that defendant willfully violated Sections 32 and 43(a) of the Lanham Act, it has also established that defendant's acts constituted unfair competition under

New York common law because "common law unfair competition claims [under New York law] closely resemble Lanham Act claims except insofar as the state law claim may require an additional element of bad faith or intent. *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 383 (2d Cir. 2000) (quotation omitted); *see also Lorillard Tobacco*, 378 F. Supp. 2d at 456 ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims.") (internal quotation marks and citation omitted); *Pfizer, Inc. v. Y2K Shipping & Trading, Inc.*, No. 00 CV 5304, 2004 WL 896952, at *7 (E.D.N.Y. Mar. 26, 2004) ("Since Plaintiff has established infringement and unfair competition claims under the Lanham Act, it has necessarily also done so under common law."). Thus, plaintiff has established that defendant's acts constitute unfair competition under New York common law. Accordingly, plaintiff's motion for a default judgment is granted.

### B. *Statutory Damages*

Under both the Copyright and Lanham Acts, plaintiff may elect to recover statutory damages in lieu of actual damages at any time before final judgment is rendered, and statutory damages are particularly appropriate where a defendant has defaulted. 17 U.S.C. § 504(c); 15 U.S.C. § 1117(c); *see also Phillip Morris USA Inc. v. Marlboro Express*, No. CV-03-1161, 2005 WL 2076921, at *8 (E.D.N.Y. Aug. 26, 2005); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). In addition, "[a] successful plaintiff in a combined copyright and trademark infringement action is entitled to separate awards of statutory damages under both the Copyright Act and the Lanham Act when a defendant has infringed both the owner's trademarks and copyrights." *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*,

269 F. Supp. 2d 118, 123 (W.D.N.Y. 2002) (citing *Nintendo of America, Inc. v. Dragon Pacific International,* 40 F.3d 1007, 1011 (9th Cir. 1994)); *see also McGee*, 490 F. Supp. 2d at 881. In this case, plaintiff elects to recover statutory damages under both Acts.

The Copyright Act permits a minimum award of $750 and a maximum award of $30,000 per copyright violation, and enhanced damages up to $150,000 per copyright if the infringement is willful. 17 U.S.C. § 504(c). Similarly, the Lanham Act permits a minimum award of $500 and a maximum award of $100,000 per trademark infringed, and enhanced damages up to $1,000,000 per mark infringed if the infringement is willful. 15 U.S.C. § 1117(c). Although plaintiff is entitled to an award of enhanced statutory damages because it has established that defendant acted willfully, it only seeks the maximum award for non-willful infringement under both Acts. Thus, plaintiff seeks $300,000 under the Lanham Act for the infringement of three unique marks, and $30,000 under the Copyright Act for the infringement of a single copyright, for a total of $330,000.

The Court finds that the amount of statutory damages sought by plaintiff is reasonable and in conformity with awards courts have previously granted it for statutory damages. *See, e.g.*, *McGee*, 490 F. Supp. 2d at 882 (after defendants' default, awarding Microsoft statutory damages under the Copyright and Lanham Act for the maximum award for non-willful infringement for five marks and seven copyrights, totaling $710,000); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 921 (E.D. Tenn. 2006) (on summary judgment, awarding Microsoft statutory damages under both Acts for the maximum award for non-willful infringement for four marks and two copyrights, totaling $460,000); *Black Cat Computer*, 269 F. Supp. 2d at 123 (on summary judgment, awarding Microsoft statutory damages under both Acts for the maximum award for

7

non-willful infringement for nine marks and seventeen copyrights, totaling $1,410,000).

Accordingly, plaintiff is awarded $330,000 for statutory damages.

C.  *Attorneys' Fees and Costs*

Both the Copyright and Lanham Acts permit a prevailing party to recover its reasonable attorneys' fees and costs. The Copyright Act authorizes courts to award attorneys' fees and costs at their discretion. 17 U.S.C. § 505; *see also Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 146 (2d Cir. 2001). Although the Lanham Act authorizes district courts to award attorneys' fees and costs only in "exceptional cases," the decision ultimately remains within the sound discretion of the district court. 15 U.S.C. § 1117(a); *see also Gidatex v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 147 (S.D.N.Y. 2000). Accordingly, as defendant has defaulted and this Court has determined that defendant willfully violated the Copyright and Lanham Act, plaintiff is entitled to recover its reasonable attorneys' fees and costs.

In support of plaintiff's request for attorneys' fees and costs, it has submitted a Declaration from James P. Doyle, Esq., in which Mr. Doyle describes the work that he and his colleagues performed, the number of hours they expended, and their respective billing rates. However, plaintiff has not provided the Court with counsel's contemporaneous time records or their relevant background and experience to support the hours expended and billing rates. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that counsel must support a request for attorneys' fees with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done."); *see also In re Painewebber Ltd. Partnerships Litig.*, No. 94 Civ. 8547, 2003 WL

8

21787410, at *4 (S.D.N.Y. Aug. 4, 2003) ("[C]ontemporaneous time records are a prerequisite for attorney's fees in the Second Circuit") (internal quotation marks and citation omitted). This proof is especially necessary here since plaintiff requests that its award incorporate billing rates that exceed those generally approved in this district. *See Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050, 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates"). In addition, plaintiff has failed to support its request for costs it incurred with any documentation of costs actually incurred. Thus, plaintiff's motion for attorneys' fees and costs is denied without prejudice for a future, properly supported showing that the expenses actually incurred are reasonable.

### D. *Injunctive Relief*

Plaintiff also seeks a permanent injunction against defendant. The Copyright and Lanham Act both empower district courts to grant injunctive relief. 17 U.S.C. § 502; 15 U.S.C. § 1116. Under both Acts, a plaintiff seeking a permanent injunction must satisfy the four-factor test recently pronounced by the Supreme Court, in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Thus, plaintiff "must demonstrate (1) that it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) it is in the public's interest to issue the injunction." *McGee*, 490 F. Supp. 2d at 882 (internal quotation marks and citation omitted); *see also JA Apparel Corp. v. Abboud*, No. 07 Civ. 7787, 2008 WL 2329533, at *22 (S.D.N.Y. June 5, 2008) (applying *eBay* in trademark action); *Warner Bros. Entertainment, Inc. v. Carsagno*,

No. 06 CV 2676, 2007 WL 1655666, at *4 (E.D.N.Y. June 4, 2007) (Report & Recommendation of Mann, M.J.) (applying *eBay* in copyright action).

As to the first factor, irreparable injury is satisfied under the Copyright Act once there is a finding of copyright infringement and "a threat of continuing violations." *Warner Bros. Entertainment, Inc.*, 2007 WL 1655666, at *4; *see also MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 193 (2d Cir. 2004) ("[W]hen a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed."). Similarly, under the Lanham Act, irreparable injury is satisfied upon a finding of trademark infringement and that the "infringement gives rise to a likelihood of confusion." *JA Apparel Corp.*, 2008 WL 2329533, at *22; *see also Brennan's, Inc. v. Brennan's Rest., LLC.*, 360 F.3d 125, 129 (2d Cir. 2004) ("proof of likelihood of confusion establishes . . . irreparable harm."). Here, plaintiff has demonstrated irreparable injury. Plaintiff has established that defendant committed copyright and trademark infringement, and that there is no reason to conclude that defendant has or will cease its infringing acts because it continued infringing plaintiff's copyrights and trademarks despite being notified of its infringement.

As to the second factor, plaintiff has demonstrated that it has no adequate remedy at law since "there is no assurance in the record against defendant's continued violation of plaintiff's copyrights" and trademarks. *Warner Bros. Entertainment, Inc.*, 2007 WL 1655666, at *6. Moreover, plaintiff's demonstration of irreparable harm necessarily demonstrates that it has no adequate remedy at law. *See Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts*, 937 F.2d 77, 80 (2d Cir. 1991) ("The irreparable injury requisite for the preliminary injunction

overlaps with the absent lack of adequate remedy at law necessary to establish the equitable rights.").

The third factor – the balance of hardships – also favors granting a permanent injunction because such an injunction only serves to require defendant to comply with the Copyright and Lanham Acts and plaintiff stands to lose goodwill and sales if an injunction is not granted. *See Warner Bros. Entertainment, Inc.*, 2007 WL 1655666, at *6; *McGee*, 490 F. Supp. 2d at 883.

Finally, the public interest lies in the enforcement of the principles recognized by Congress in creating the Acts, especially the prevention of consumer confusion. *JA Apparel Corp.*, 2008 WL 2329533, at *23; *McGee*, 490 F. Supp. 2d at 883. Accordingly, the Court finds that plaintiff is entitled to a permanent injunction.

## CONCLUSION

For the reasons set forth above, it is hereby ordered that:

1. Plaintiff's motion for a default judgment is GRANTED;

2. Plaintiff is awarded $330,000 in statutory damages;

3. Plaintiff's motion for attorneys' fees and costs is denied without prejudice for a future, properly supported showing that the expenses actually incurred are reasonable; and

4. Plaintiff's motion for a permanent injunction is GRANTED, and IT IS HEREBY ORDERED that defendant ATEK 3000, a New York corporation, its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those acting in concert or participation with them shall be, and hereby are, PERMANENTLY ENJOINED and restrained from:

(a) initiating, copying, distributing, or making any other infringing use of software programs, components, end user license agreements ("EULA") or items protected by plaintiff Microsoft Corporation's registered trademarks and service mark, including, but not limited to, the following Trademark and/or Service Mark Registration Numbers:

    (1) 1,200,236 ("MICROSOFT");

    (2) 1,256,083 ("MICROSOFT");

    (3) 1,872,264 ("WINDOWS"); and

    (4) 2,744,843 ("COLORED FLAG DESIGN");

or the software programs, components, EULAs, items or things protected by the following Certificate of Copyright Registration Number:

    (1) TX 5-407-055 ("Windows XP Professional");

or any other works now or hereafter protected by any of plaintiff's trademarks or copyrights;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, item or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of Microsoft's registered trademarks or service mark, including, but limited to, the Trademark and Service Mark Registration Numbers listed in paragraph (a) above;

(c) using any simulation, reproduction, counterfeit, copy or colorable imitation of any of Microsoft's registered trademarks or service mark, including, but limited to, the Trademark and Service Mark Registration Numbers listed in paragraph (a) above, in connection with the manufacture, distribution, offer for distribution, sale, offer for sale, advertisement, promotion, or

display of any software, component, EULA, item or thing not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals to erroneously believe that any software, component, EULA, item, or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software programs in any of defendant's trade or corporate names;

(f) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights, or constituting any dilution of Microsoft's name, reputation, or goodwill; and

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (f) above.

SO ORDERED.

Dated: Brooklyn, New York
July 23, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge